# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Anthony Moore, | ) |
|         Petitioner, | ) |
| vs. | ) Case No. 3:16-cv-435 |
| N.C. English, | ) **REPORT AND RECOMMENDATION** |
|         Respondent. | ) |

Anthony Moore (Moore) petitioned for habeas relief under 28 U.S.C. § 2254 in the Northern District of Florida. Moore is apparently serving a <u>state</u> sentence at the Federal Correctional Institution in Marianna, Florida.[1] His § 2254 petition challenges his North Dakota state court conviction in <u>State v. Moore</u>, Cass County Case No. 09-01-K-02551. In that case, the state district court sentenced Moore to twenty years of imprisonment upon conviction for gross sexual imposition, and it appears Moore is still serving that sentence. (Doc. #1-1, p. 20). Having determined the district of conviction to be the most convenient and appropriate venue, the court in the Northern District of Florida transferred the case to this district for all further proceedings. (Doc. #5; Doc. #8). This court now conducts a preliminary review of Moore's habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

Moore previously challenged the same conviction in a § 2254 petition filed in this court. <u>See</u> <u>Moore v. Schuetzle</u>, D.N.D. Case No. 1:08-cv-72, Doc. #3. The court dismissed that petition as untimely. A habeas petition dismissed as time-barred is an adjudication

---

[1] Although the court recently received mail from Moore with the return address listed as the federal facility in Marianna, Florida, the Federal Bureau of Prisons website lists him as currently confined at a federal penitentiary in Atlanta, Georgia.

on the merits, and later petitions challenging the same conviction are second or successive petitions. Pawliszko v. Dooley, No. 15-3994, 2015 WL 9312526, at *2 (D. Minn. Nov. 30, 2015) (citing Diaz-Diaz v. United States, 297 F. App'x 574, 575 (8th Cir. 2008)); see also Gates-Colbert v. United States, No. 1:12CV128, 2012 WL 3562779, at *1 (E.D. Mo. Aug. 17, 2012) (citations omitted).

A second or successive petition can be considered on the merits only if it meets one of the narrow exceptions defined in 28 U.S.C. § 2244(B)(2). Moore recognizes that his current petition is second or successive, but he contends that this court can consider it nonetheless. He asserts that he did not present the same claim in his earlier petition, that his current claim relies on a new rule of constitutional law made retroactive by the United States Supreme Court, and that his current claim was unavailable at the time he filed his first petition. (Doc. #1, pp. 3, 6).

28 U.S.C. § 2244(b)(2)(A) permits courts to consider a claim presented in a second or successive § 2254 petition that was not presented in a prior petition if the petitioner "shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." However, before a second or successive application is filed in the district court, the petitioner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (emphasis added). See also Martin v. Benson, 815 F. Supp. 2d 1086, 1092-94 (D. Minn. 2011) (preauthorization from the Eighth Circuit Court of Appeals is required to file a second or successive habeas petition even if the petition is based on new retroactive law that was previously unavailable); Bell v. North Dakota, 567 F. Supp. 2d 1130, 1133

(D.N.D. 2008). Since there is no indication that the Eighth Circuit Court of Appeals has authorized Moore to file the current petition, this court is without jurisdiction to consider it. See Burton v. Stewart, 549 U.S. 147, 157 (2007) (per curiam).

It is therefore **RECOMMENDED** that Moore's habeas petition be **DISMISSED** without prejudice for lack of jurisdiction.

Dated this 9th day of February, 2017.

                                              /s/ *Alice R. Senechal*
                                              Alice R. Senechal
                                              United States Magistrate Judge

**NOTICE OF RIGHT TO OBJECT**

Pursuant to Federal Rule of Civil Procedure Rule 72(b) and District of North Dakota Local Civil Rule 72.1(D)(3), petitioner may object to this Report and Recommendation by filing with the Clerk of Court no later than **February 24, 2017**, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.